Filed 12/8/25  P. v. Lampe CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E084828 |
| v. | (Super.Ct.No. FVI1102893) |
| TRACEY CHARLES LAMPE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bryan K. Stodghill, Judge.  Reversed and remanded.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Tami Falkenstein Hennick, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Tracey Charles Lampe appeals from the trial court's denial of his request for a full resentencing hearing following this court's remand for resentencing after defendant's direct appeal in *People v. Lampe* (June 9, 2023, E070676) [nonpub. opn.] (*Lampe I*)). The People concede, and we agree, defendant was entitled to resentencing under the full resentencing rule. (*People v. Buycks* (2018) 5 Cal.5th 857.) We therefore reverse the trial court's ruling and remand for a hearing at which the court may reconsider defendant's sentence in its entirety.

**BACKGROUND**

Except in one respect that we note below, the underlying background facts are not relevant to defendant's present appeal. Suffice to say, a jury in March 2018 convicted defendant of: (1) first degree murder with an enhancement for personally and intentionally discharging a firearm causing death (Pen. Code,[1] §§ 187, subd. (a), 12022.53, subd. (d)); (2) kidnapping with a personal use firearm enhancement (§§ 207, subd. (a), 12022.53, subd. (b)); and (3) assault with a deadly weapon with a firearm use enhancement (§§ 245, subd. (a)(2), 12022.5, subds. (a) & (d)). The trial court sentenced defendant to an indeterminate term of 50 years to life, to follow a determinate term of 20 years four months. The sentence was comprised of: 25 years to life for murder plus 25 years to life for the firearm enhancement plus 1 year (stayed) for the arming enhancement; the upper term of 8 years for kidnapping plus 10 years for the gun

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

2

enhancement on that count; and 1 year for the assault with an additional 1 year 4 months for that gun enhancement. (*Lampe I*, *supra*, E070676.)

On defendant's direct appeal, a panel of this court rejected defendant's and his co-defendant's challenges to their respective convictions and sentences, with one exception relevant here. Specifically, *Lampe I* held that defendant was entitled to resentencing under new legislation related to the upper term sentence imposed for his kidnapping conviction. (*Lampe I*, *supra*, E070676.) *Lampe I* explained that under Senate Bill No. 567 (2021-2022 Reg. Sess.), the middle term for such felony convictions was now the presumptive term, absent aggravating factors found beyond a reasonable doubt. As a result, *Lampe I* further explained that, "[o]n remand, the People 'may elect to proceed under the requirements of the newly-amended version of section 1170, subdivision (b),' which would permit them to prove the existence of aggravating factors beyond a reasonable doubt to a jury (unless [defendant] waives the right to a jury and agrees to have the factors decided by the court beyond a reasonable doubt). [Citation.] Alternatively, the People may 'accept resentencing on the record as it stands.' " (*Lampe I*, *supra*, E070676.)

On remand, the parties and the trial court discussed the scope of the court's resentencing authority. Defense counsel sought full resentencing, including "not just [on] the kidnapping charge but the gun charge that went along with that." Defense counsel filed a motion before the hearing requesting that the court dismiss one or more of the firearm enhancements in its discretion under section 1385. Defense counsel stated at the hearing, however, that he believed remittitur in *Lampe I* limited the trial court to

resentencing defendant on the kidnapping count, i.e., "that which the remittitur instructs you to do."[2] Defense counsel also believed a then-recent opinion from this court required trial courts to eschew full resentencing on remand, limiting them to "only do that which we instructed you to do on a remittitur." Defense counsel alluded to a case ("*Lopez*") said to support this proposition, but did not cite it. The prosecutor agreed with defense counsel. The prosecutor stated he believed the remand was "for one purpose and one purpose only," namely to resentence defendant solely on the kidnapping count. The prosecutor agreed that "per the *Lopez* rule the Court should rule on that aspect and that aspect alone" in resentencing defendant.

Accepting the attorneys' representations, the court concluded it was "bound by *Lopez* and the remittitur from the Court of Appeal[] to just address Count 2." The court concluded defendant's conduct during the kidnapping, in which his attorney argued he used his firearm "to protect the [kidnapping] victim from an attack from the co-defendant," warranted the low term on count 2. The court sentenced defendant to the 3-year low term on the kidnapping count, but declined to reconsider any of the firearm enhancements as defendant had requested. The court simply reimposed the 10-year term for the "12022.53(B)" enhancement on that count, "so the total term for Count 2 is 13 years."

---

[2] The general remittitur in Lampe I had no express instructions, as is typical.

## DISCUSSION

The parties agree on appeal, as do we, that reversal is required and defendant is entitled to resentencing on each component of his sentence under the trial court's full discretion.  As is well-established, "[T]he full resentencing rule allows a court to revisit all prior sentencing decisions when resentencing a defendant."  (*People v. Valenzuela* (2019) 7 Cal.5th 415, 424-425; accord, *People v. Buycks*, *supra*, 5 Cal.5th at p. 893.)  In fact, this court's opinion in *Lampe I* cited to a then-published case by the name of *Lopez* that faithfully articulated this rule.  (See *People v. Lopez* (2022) 78 Cal.App.5th 459, 468-469, disapproved on another ground in *People v. Lynch* (2024) 16 Cal.5th 730, 769.)

In contrast, it appears the *Lopez* case to which the attorneys were referring at the hearing below was *People v. Lopez* (2023) 93 Cal.App.5th 1110, disapproved by *People v. Lopez* (2025) 17 Cal.5th 388.  That case involved a question of finality—in particular finality for purposes of applying statutory amendments to the substantive elements of the gang enhancement for active participation in a criminal street gang.  (*Lopez* (2025) at p. 396.)  This *Lopez* did not involve resentencing (see *ibid*.), as here, nor is there any dispute here, that defendant's case is *not* yet final, and therefore the full resentencing rule applies on remand.  (See *People v. Navarro* (2007) 40 Cal.4th 668, 681 [remand order "for resentencing 'on the modified convictions only' " invalid to preclude full resentencing necessary to account for "changed circumstances" of modified conviction].)  Here, nothing in *Lampe I* purported to preclude full resentencing; it simply noted that *if* the prosecutor elected to seek the upper term for the kidnapping count, readjudication of any alleged aggravating circumstances would be necessary, to be proven beyond a

5

reasonable doubt.  (*Lampe I*, *supra*, E070676.)  In sum, nothing in *Lampe I* nor in the *Lopez* case relied on at the hearing below precluded defendant's full resentencing—which now must take place on remand.

## DISPOSITION

The trial court's ruling denying defendant a full resentencing hearing is reversed. The matter is remanded for the court to conduct a full resentencing in its sound discretion.  We express no opinion how that discretion should be exercised.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____

J.

We concur:

McKINSTER _____

           Acting P. J.

FIELDS _____

           J.